NUMBERS 13-00-116-CR AND 13-00-117-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


DARRICK B. MOORE
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 36th District Court


of Aransas County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 Appellant, Darrick Moore, entered pleas of guilty to delivery of
cocaine, a controlled substance(1) in cause numbers A-99-0094-CR and
A-99-0140-CR in the 36th Judicial District Court of Aransas County,
Texas. The court found appellant guilty of each charge and sentenced
him to eighteen months confinement in a state jail with sentences
running concurrently, plus a $5000.00 fine. Appellant appeals from the
two judgments.(2)
 We affirm.

 Appellant's court-appointed counsel filed briefs wherein counsel
set out that he reviewed the clerk's record and reporter's record in each
case. Counsel informed the Court that in cause number A-99-0094-CR
the records revealed no arguable point of error, whereas in cause
number A-99-0140-CR the only arguable point that may support an
appeal is a clerical mistake in the trial court's judgment stating that
appellant entered a plea of guilty to an indictment when in fact it was
to an information. Other than the one arguable error, counsel
concluded there is no other error upon which a nonfrivolous appeal in
either cause might be based.

 Appellant's briefs meet the requirements of Anders v. California,
386 U.S. 738, 744-45 (1967). Counsel referred this Court to the only
error in the record that might arguably support an appeal. See id. at
744. He presented a professional evaluation of each record
demonstrating why there are no other arguable grounds of error on
appeal. See High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App.
1978). Counsel certified in his briefs that he served appellant with a
copy of each brief in which he informed appellant of his right to
examine the record for the purposes of filing any pro se action he might
feel appropriate under the circumstances. Thirty days have passed
since appellant was so advised, and he has not filed any pro se brief.

 In Penson v. Ohio, 488 U.S. 75 (1988), the Supreme Court advised
appellate courts that upon receiving a "frivolous appeal" brief, they
must conduct "a full examination of all the proceeding[s] to decide
whether the case is wholly frivolous." We have carefully reviewed the
record in each appeal and, finding nothing that would arguably support
an appeal in either cause, agree that each appeal is wholly frivolous and
without merit. See Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim.
App. 1991). The judgments of the trial court are AFFIRMED.

 Additionally, in accordance with Anders, counsel has requested
permission to withdraw as counsel for appellant in both cause
numbers. See Anders, 386 U.S. at 744. We grant appellant's
attorney's motions to withdraw. Furthermore, we order him to notify
appellant of the disposition of each appeal and of the availability of
discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997). 


 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.3.


Opinion delivered and filed 

this 27th day of July, 2000.



 

1. See Tex. Health & Safety Code Ann. §§ 481.102, 481.112 (Vernon
Supp. 2000). 
2. Since both cases address the same issues for our review, we
consolidate the appeals into a single opinion.